ACCEPTED
04-14-00153-CV
FOURTH COURT OF APPEALS
SAN ANTONIO, TEXAS
12/26/2014 4:47:45 PM
KEITH HOTTLE
CLERK

NO. 04-14-153-CV

# In the Fourth Court of Appeals
# San Antonio, Texas

FILED IN
4th COURT OF APPEALS
SAN ANTONIO, TEXAS
12/26/2014 4:47:45 PM
KEITH E. HOTTLE
Clerk

**Harold Gaskill, III, M.D. and Harold Gaskill, M.D., P.A.,**
*Appellants-Plaintiffs*,

**v.**

RECEIVED IN
4th COURT OF APPEALS
SAN ANTONIO, TEXAS
12/29/2014 8:40:00 AM
KEITH E. HOTTLE
Clerk

**VHS San Antonio Partners, LLC d/b/a Baptist Health System and d/b/a North Central Baptist Hospital, Baptist Health System, North Central Baptist Hospital, Graham Reeve, David Siegel, William Waechter, and Jaydeep Shah,**
*Appellees-Defendants*.

On Appeal From Cause No. 2013-CI-14959
In the 285th Judicial District Court of Bexar County, Texas
Honorable Janet P. Littlejohn, Presiding Judge

## APPELLEES' REPLY IN SUPPORT OF FIRST MOTION FOR EXTENSION OF TIME TO FILE MOTION FOR REHEARING

Notwithstanding the *de minimis* impact a 14-day extension of time for Appellees to file their motion for rehearing would have on the ultimate adjudication of this litigation and notwithstanding Gaskill's failure to identify any prejudice to themselves from a 14-day extension, Gaskill offers a litany of arguments why this Court should deny Appellees' First Motion for Extension of Time to File Motion for Rehearing.  Gaskill's arguments should be rejected.

Gaskill first argues that "[t]he Appellees are represented by a large firm with offices all over the state and worldwide for that matter." Resp. at 1-2. If that were a valid argument, then large law firms, as a matter of law, would never be entitled to request extensions to file a motion for rehearing or any other kind of extension in any matter in our court system. Gaskill fails to cite any authority recognizing one set of rules for large law firms and another set for smaller law firms. Moreover, the fact that more than one attorney is working on this matter for Appellees ignores the reality that different attorney(s) take the laboring oar on different parts of a case based on experience and specialized expertise.

Gaskill next argues that "[l]ast year when it sought to expedite the hearing at the trial, the Appellees/Defendants assembled voluminous pleadings, tried to set hearings and performed an entire array of work between December 31, 2013 and January 2, 2014" and "the holidays and other alleged matters did not pose an impediment then." *Id*. at 2. Appellees, however, were faced with the possibility that Gaskill could argue that Appellees' motion to dismiss was required to be ruled on by January 3, 2014 under Texas Rule of Civil Procedure 91a. Thus, Appellees were compelled to take all necessary measures during that time period to ensure action could be taken on Appellees' motion to dismiss by January 3, 2014. No such potential deadline exists for Appellees' motion for rehearing.

Gaskill next incorrectly argues that "Appellee had two weeks when this

Court ruled and apparently made no effort to prepare its motion for reconsideration." *Id*. Appellees, however, filed their motion for extension of time to file their motion for rehearing on December 23, 2014 – just six days after this Court issued its decision in this case on December 17, 2014.

Gaskill next argues that Appellees' motion for extension of time to file their motion for rehearing is somehow reflective of an alleged pattern of delay in this litigation. *Id*. at 2-3. Gaskill, however, does not argue, much less cite any evidence, that Appellees violated any deadlines for filing their motion to dismiss or for obtaining a ruling on their motion to dismiss or violated any discovery deadlines below. *Id*. Appellees' one prior motion for extension of time in this appeal was to file their response brief on the merits. That motion for extension was not opposed by Gaskill and was granted by this Court.

Gaskill next wonders why a motion for extension is necessary when "[t]his case has been thoroughly briefed and argued" and it is unclear "what remains to be 'reconsidered.'" *Id*. That is an argument addressed to the merits of Appellees' forthcoming motion for rehearing, not the merits of Appellees' motion for extension of time to file the motion for rehearing. Appellees intend to address a particular rationale for this Court's decision in their motion for rehearing. Appellees also intend to raise an additional issue regarding this Court's decision to remand the case to the trial court that was not previously addressed in Appellees'

3

briefs on the merits because the issue, of course, was not raised until this Court actually ruled that the case be remanded. Therefore, Appellees' motion for rehearing cannot simply be cut-and-pasted from its prior briefing.

Finally, Appellees incorrectly note that "[u]nder Tex. R. App. P. 49.7 this court can deny the right to even file a motion for rehearing, or at a minimum shortened [sic] the time for doing so." *Id*. at 3. Rule 49.7 says no such thing. While this Court can deny a motion for rehearing, Gaskill does not cite any authority holding that this Court can preclude Appellees from even filing the motion for rehearing in the first place. There certainly is no dispute that Rule 49.8 expressly authorizes parties like Appellees to file a motion for extension of time to file a motion for rehearing, which is the motion currently before this Court.

## CONCLUSION

For the reasons set forth above, Appellees respectfully request that this Court grant Appellees' First Motion for Extension of Time to File Motion for Rehearing and grant a 14-day extension of time for Appellees to file said motion from January 2, 2015 until January 16, 2015. Appellees further respectfully request that this Court grant Appellees all other relief to which they are entitled.

4

Respectfully submitted,

FULBRIGHT & JAWORSKI LLP


By:   */s/ Warren S. Huang*
          Warren S. Huang
          State Bar No. 00796788
          warren.huang@nortonrosefulbright.com
1301 McKinney, Suite 5100
Houston, Texas  77010-3095
Telephone:  (713) 651-5151
Facsimile:   (713) 651-5246


FULBRIGHT & JAWORSKI LLP

          Yvonne K. Puig
          State Bar No. 16385400
          yvonne.puig@nortonrosefulbright.com
          Eric Hoffman
          State Bar No. 24074427
          eric.hoffman@nortonrosefulbright.com
98 San Jacinto Boulevard, Suite 1100
Austin, Texas 78701-4255
Telephone:  (512) 474-5201
Facsimile:   (512) 536-4598

*Counsel for Appellees*

## CERTIFICATE OF COMPLIANCE

Pursuant to Texas Rule of Appellate Procedure 9.4(i)(3), the undersigned counsel – in reliance upon the word count of the computer program used to prepare this document – certifies that this motion contains 799 words, excluding the words that need not be counted under Texas Rule of Appellate Procedure 9.4(i)(1).

*/s/ Warren S. Huang*
Warren S. Huang

## CERTIFICATE OF SERVICE

The undersigned counsel hereby certifies that a copy of Appellees' Reply in Support of First Motion for Extension of Time to File Motion for Rehearing was served by electronic filing and electronic mail in compliance with Texas Rule of Appellate Procedure 9.5 on December 26, 2014, upon the following:

Mr. Mark A. Weitz
WEITZ MORGAN PLLC
100 Congress Avenue, Suite 2000
Austin, Texas 78701
(Counsel for Appellants)
mweitz@weitzmorgan.com

*/s/ Warren S. Huang*
Warren S. Huang
